IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


HAROLD J. BLAKELY                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 2:11cv148-KS-MTP

LAUREL LEADER CALL NEWSPAPER, et al.                    DEFENDANTS


REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for evaluation pursuant to 28 U.S.C. §

1915(e)(2).  Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.

*See* Order [12].  Having reviewed the complaint and the applicable law, conducted a screening

hearing (*see* [21] and minute entry dated April 26, 2012), and being otherwise fully advised in

the premises, the Court recommends that Plaintiff's claims against all but two defendants be

dismissed.

FACTUAL BACKGROUND

Plaintiff Harold J. Blakely originally filed this civil action pursuant to 42 U.S.C. § 1983.

The numerous defendants named in the [1] original complaint are as follows: State of

Mississippi; Governor Haley Barbour;[1] Stephen B. Simpson, former Commissioner of the

Mississippi Department of Public Safety; Albert Santa Cruz, current Commissioner of the

Mississippi Department of Public Safety; Melvin Mack, Mayor of the City of Laurel, Mississippi

("Laurel"); Walter Martin, former police chief of Laurel; Tyrone Stewart, Laurel's current police

---

[1]The dismissal of Governor Barbour was pursuant to Plaintiff's [15] Motion to Dismiss as Haley Barbour is no longer governor of the State of Mississippi.  Despite the fact that Plaintiff has filed numerous amended complaints without leave of Court, as discussed more fully herein, there is also pending Plaintiff's [14] Motion to Amend Complaint to add Governor Phil Bryant, Governor Barbour's successor, as a defendant.

chief; Manuel Jones, Ward 5 councilmember of Laurel; Cecilia Arnold, who at all relevant times

was a municipal court judge for the City of Laurel; David L. Sullivan, prosecuting attorney for

Laurel; Wesley Rushing, Justice Court Judge of Jones County, Mississippi ("Jones County");[2]

Jones County prosecutor M. Wayne Thompson; and arresting officers Josh Welsh and David

Driskell of the Laurel police department.

By various attempted amendments Plaintiff has simply named, without asserting any

factual basis against them, the following: Laurel Leader Call Newspaper; Rob Sigler, its editor;

The Review of Jones County Newspaper; Mark Thornton, its editor; Bail Bond Connection;

Carolen Perryman, bail agent for Bail Bond Connection; Community Newspaper Holding, Inc.,

an Alabama-based media company; Mitchell D. Lynch, its publisher; and Judith D. Haik, its

business manager. *See* docket entries [17] [20] [22].[3]

Essentially, Plaintiff has filed this case in federal court because he is not happy with

proceedings in state court involving traffic citations he has received. He seeks to have this Court

intervene in those proceedings and virtually anyone directly or indirectly involved through the

vehicle of a § 1983 claim.

As mentioned above, the Court allowed Plaintiff *in forma pauperis* status. *See* docket

entry [12]. However, that same order did not allow process to issue pending further screening.

Now that the screening has occurred, the Court recommends dismissal of Plaintiff's claims

except for those against officers Josh Welsh and David Driskell.

---

[2]Laurel is located in Jones County.

[3]Plaintiff attempted to file a motion to amend complaint on October 18, 2011 to name District Judges Starrett and Ozerden as defendants. That motion was denied. *See* docket entry [12].

## ANALYSIS

### I.

Because the Plaintiff is proceeding *in forma pauperis* in this action, his complaint is

subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any

time" if the Court determines that the action fails to state a claim on which relief may be granted,

is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such

relief.  *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to

test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted

claim even before service of process or the filing of an answer).  *See also Newsome v. EEOC*,

301 F.3d 227, 231-33 (5th Cir. 2002), *cert. denied*, 537 U.S. 1049 (2002) (dismissing non-

prisoner's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. §

1915(e)(2)); *Dawson v. Parkland Health and Hospital System*, 2006 WL 3342622, at *1 n.1

(N.D. Tex. 2006) ("Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in*

*forma pauperis* cases.") (citations omitted).

"A complaint is frivolous if it lacks an arguable basis in law or in fact."  *Biliski v.*

*Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (citations omitted).  "A complaint lacks an arguable

basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Texas Dep't of*

*Criminal Justice*, 275 F. App'x 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d

716, 718 (5th Cir. 1999)).  "A complaint lacks an arguable basis in fact when the allegations are

fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly

incredible.'" *Perry*, 275 F. App'x at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33

(1992)).  This Court is "vested with especially broad discretion in making the determination of

whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.

1986) (citations omitted) (although in prisoner setting, also recognizing that IFP proceeding may

be dismissed at any time, including before service of process).

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  However, Section

1983 "neither provides a general remedy for the alleged torts of state officials nor opens the

federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the

state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a

remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or

immunities secured by the Constitution and laws' of the United States."  *Id.* (quoting 42 U.S.C. §

1983).

## II.

The Supreme Court has long recognized that judges are immune from liability in civil

actions for their judicial acts.  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  The Fifth

Circuit has held that "it remains appropriate for district courts to consider the possible

applicability of the doctrine of absolute immunity . . . as a threshold matter in making a §

1915(d) determination."[4]  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

"Absolute immunity is immunity from suit rather than simply a defense against liability,

and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v.*

*Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (quoting *Boyd*, 31 F.3d at 284).  *See also Ammons v.*

*Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 465 U.S. 1006 (1984) ("A judge, of

---

[4]Section 1915 was amended after *Boyd* in 1996 to redesignate former subsection (d) as
(e) and former subsection (e) as (f).  *See* Pub.L. 104-134, § 101[(a)][§ 804(a)(2)].

whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act

performed in a judicial role.") (citations omitted); *Hampton v. Oktibbeha County Sheriff's Dep't*,

2005 WL 2736586, at *3 (N.D. Miss. 2005) (holding that "[a]bsolute immunity for judicial acts

of judges acting within their jurisdiction also applies to suits brought pursuant to 42 U.S.C. §

1983") (citations omitted).  A judge will be deprived of immunity "only when he has acted in the

clear absence of all jurisdiction."  *Stump*, 435 U.S. at 356-57 (internal quotations, citation, and

footnote omitted).  *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citing *Stump*).

Judges acting in their official capacity also enjoy absolute immunity from suits for

injunctive relief.[5]  *See* 42 U.S.C. § 1983;[6] Federal Courts Improvement Act of 1996, Pub. L. No.

104-317, 110 Stat. 3847 (1996); *Hampton*, 2005 WL 2736586, at *3 (citation omitted); *McSmith*

*v. Chasez*, 2007 WL 1097400, at *2 (E.D. La. 2007).  The Federal Courts Improvement Act

("FCIA") of 1996 amended 42 U.S.C. § 1983 to "extend[] the doctrine of judicial immunity to

injunctive relief, damages, and precluded costs and attorneys' fees in § 1983 suits against the

---

[5]Plaintiff primarily seeks monetary damages in the prayer for relief in his complaint.

[6]Section 1983, as amended by the Federal Courts Improvement Act of 1996, states in part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .*

42 U.S.C. § 1983 (1996) (emphasis added).

judiciary unless a declaratory decree was violated or declaratory relief was unavailable."

*Hampton*, 2005 WL 2736586, at \*3 (citations omitted). *See also* 42 U.S.C. § 1983 (1996).

The Fifth Circuit applies the following four-part test to determine whether an act is a

"judicial act" that justifies immunity: (1) whether the alleged act is a normal judicial function;

(2) whether the act occurred in the judge's courtroom or chambers; (3) whether the controversy

involved a case pending before the judge; and (4) whether the act arose directly out of a visit to

the judge in his official capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citation

omitted); *Ammons*, 705 F.2d at 1447 (citing *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir.

1982)); *Hampton*, 2005 WL 2736586, at \*2. These four factors are to be "broadly construed in

favor of immunity." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied*, 474

U.S. 1101 (1986) (footnote omitted).

Broadly construing the factors set forth above, the Court finds that the alleged acts of

Judges Cecelia Arnold and Wesley Rushing  were "judicial acts."  All of the actions allegedly

taken by or attributed to Judges Arnold and Rushing occurred  while they were presiding over or

otherwise handling the Plaintiff's traffic case.[7]  Accordingly, Judges Arnold and Rushing are

immune from liability in this suit.

### III.

Attorneys when acting within the scope of their role as a prosecutor enjoy absolute

immunity from liability in suits filed pursuant to 42 U.S.C. § 1983.  *See generally Imbler v.*

---

[7]Indeed, according to Plaintiff, Judge Arnold recused herself from hearing his case, while Judge Rushing dismissed the case against him when the officer did not appear.  Plaintiff is primarily upset that his paperwork was not handled properly or was not in the proper form, but neither circumstance overcomes the protection of judicial immunity.

*Pachtman*, 424 U.S. 409 (1976). *See also Boyd*, 31 F.3d at 285 ("Criminal prosecutors also

enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the

presentation of the state's case.") (citation omitted); *Johnson v. Box*, 2010 WL 2773255, at *2

(S.D. Miss. 2010) (citing *Imbler*) ("Absolute immunity extends to prosecutors who are

performing prosecutorial acts."). In analyzing whether a prosecutor is absolutely immune, the

Court must look to the conduct at issue and then determine if the conduct falls within the scope

of actions that are immune. *See Hoog-Watson v. Guadalupe County, Texas*, 591 F.3d 431, 438

(5th Cir. 2009).

The allegations against prosecuting attorneys David L. Sullivan and M. Wayne

Thompson demonstrate that they were acting within their judicial discretion relating to

prosecuting criminal charges against Plaintiff. They are named in their role as prosecutors in

Plaintiff's state court case. Clearly, the conduct of Defendants Sullivan and Thompson is

"intimately associated with the judicial phase of the criminal process." *Hoog-Watson*, 591 F.3d

at 438 (citation omitted). *See also Brown v. Hill*, 2010 WL 3719996, at *3 (W.D. La. 2010),

*Report and Recommendation adopted*, 2010 WL 1734721 (W.D. La. 2010) (finding that claims

against district attorney, including alleged conduct at a probation revocation hearing, were

barred by the defendant's absolute prosecutorial immunity); *Johnson*, 2010 WL 2773255, at *2.

As such, Plaintiff has failed to establish that prosecuting attorneys Sullivan and Thompson were

acting beyond the scope of their prosecutorial immunity. Since Sullivan and Thompson are

absolutely immune from liability and damages under these circumstances, Plaintiff cannot

maintain this § 1983 action against them.

**IV.**

Plaintiff has not alleged any cognizable claims under § 1983 against the State of

Mississippi, Governor Phil Bryant,[8] former Mississippi Department of Public Safety

Commissioner Stephen B. Simpson, and current Commissioner Albert Santa Cruz.[9] As state

entities and officials, they are entitled to Eleventh Amendment immunity.

"For purposes of liability, a suit against a public official in his official capacity is in

effect a suit against the local government entity he represents." *Mareina v. Foti*, 816 F.2d 1061,

1064 (5th Cir. 1987) (citation omitted). Accordingly, Plaintiff's claims against Governor Bryant,

former commissioner Simpson, and current commissioner Santa Cruz are in effect claims against

the State of Mississippi. Because the state is entitled to Eleventh Amendment immunity from

Plaintiff's claims asserted under § 1983, these officials are also entitled to immunity from

Plaintiff's claims.

**V.**

Plaintiff also alleges claims against Melvin Mack, Mayor of Laurel; Manuel Jones, Ward

5 Councilman of Laurel; Walter Martin, former Police Chief of Laurel; and Tyrone Stewart,

Laurel's current Police Chief. The allegations against these individuals are based on the fact that

Plaintiff complained to them about the way he was being treated and nothing was done about

those complaints to Plaintiff's satisfaction.[10]

---

[8]Governor Bryant is the subject of Plaintiff's [14] Motion to Amend Complaint. *See supra* n.1.

[9]The driver's license bureau is within the ambit of the Mississippi Department of Public Safety.

[10]Plaintiff alleges that liability attaches to Mayor Mack because he appoints the municipal judge and police officers, and as Laurel's chief administrator is responsible for their actions. As

These defendants were not personally involved in the alleged acts claimed to have caused a violation of constitutional rights. *See, e.g., Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant.") (citations omitted). Additionally, § 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002). *See also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.") (citations omitted).

Plaintiff has asserted no cognizable constitutional claim against Mayor Mack, Councilman Jones, Chief Martin, or Chief Stewart. They should also be dismissed from this cause of action.

## VI.

In order to maintain an action pursuant to § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Daniel v. Ferguson*, 839 F.2d 1124, 1128-30 (5th Cir. 1988). Plaintiff has failed to assert any allegations against Defendants Laurel Leader Call Newspaper; Rob Sigler, Editor; The Review of Jones County Newspaper; Mark Thornton, Publisher/Editor; Community Newspaper Holding, Inc.;

---

for Councilman Jones, Plaintiff charges him responsible for approving the mayor's appointments, and that he would not discuss Plaintiff's case with him. Plaintiff maintains that chiefs Martin and Stewart are liable based on their responsibility for the police officers serving under them.

Mitchell Lynch, Publisher; and Judith D. Haik, Business Manager which show that they acted under color of state law or rise to a level of constitutional deprivation and state action.

Plaintiff's unhappiness with media coverage surrounding his citations does not form the basis for recovery under federal law. Therefore, the Court finds that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against these defendants. Likewise, Plaintiff has not stated a claim for libel or slander against these defendants.

Plaintiff's complaint against Bail Bond Connection and Bail Agent Carolen Perryman is that they did not examine his traffic tickets to determine their validity. As this also does not constitute action under color of state law or form the basis of a federal claim, Plaintiff does not have a cognizable claim against them. Likewise, these defendants should be dismissed.

## VII.

To the extent that Plaintiff asserts state law claims against those Defendants for whom dismissal is appropriate, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), and that such claims should be dismissed without prejudice. This exercise of discretion is in keeping with the Fifth Circuit's "'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters of Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006).

## VIII.

Plaintiff asserts that arresting officers Josh Welsh and David Driskell violated his constitutional rights by falsely arresting him, maliciously prosecuting him, engaging in racial profiling, and violating due process. At this stage of the proceedings, the Court cannot say that

these two Defendants are subject to dismissal. According to Plaintiff and the documents presented to date, the criminal proceedings were voluntarily dismissed.[11]

## RECOMMENDATION

The undersigned makes the following recommendations:

1.    That Plaintiff's claims based on 42 U.S.C. § 1983 against the State of Mississippi; Stephen B. Simpson; Albert Santa Cruz; Melvin Mack; Walter Martin; Tyrone Stewart; Manuel Jones; Cecelia Arnold; David L. Sullivan; Wesley Rushing; M. Wayne Thompson; Laurel Leader Call Newspaper; Rob Sigler; The Review of Jones County Newspaper; Mark Thornton; Bail Bond Connection; Carolen Perryman; Community Newspaper Holding, Inc.; Mitchell D. Lynch; and Judith D. Haik be **DISMISSED WITH PREJUDICE**.

2.    That Plaintiff's [14] Motion to Amend Complaint to add Governor Phil Bryant as a Defendant be **DENIED.**

3.    That any state law claims against the above named Defendants be **DISMISSED WITHOUT PREJUDICE.**

4.    That Plaintiff's claims against Defendants Josh Welsh and David Driskell based on 42 U.S.C. § 1983 be allowed to proceed at this time.

5.    That Plaintiff be required to provide the Court, for the purpose of service of process, the current addresses for Defendants Josh Welsh and David Driskell within thirty (30) days of the date on which a ruling is made with respect to this Report and Recommendation, and that failure to provide those addresses shall

---

[11]Thus, the claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

result in the dismissal of said Defendants, without prejudice.

6.      That once this Report and Recommendation is acted upon and in the event it is necessary for Plaintiff to timely provide the addresses where Defendants Josh Welsh and David Driskell may be served with process, the undersigned will enter an Order directing issuance of service of summonses, and that said Order should be accompanied by the Complaint, this Report and Recommendation, and any order related to the Report and Recommendation.

7.      **The Plaintiff should understand that the recommendation that claims against Defendants Josh Welsh and David Driskell may go forward at this time does not reflect any opinion of this Court that the claims against said Defendants will or will not be determined to be meritorious.**

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b), any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing parties.  The District Judge at the time may accept, reject or modify in whole or part the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  28 U.S.C. §

636(b)(1); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[12]

> **THIS** the 21st day of May, 2012.

s/Michael T. Parker
United States Magistrate Judge

---

[12]*Douglass* referred to the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.